


MEMO ENDORSED

| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | MARK D. ZUCKERMAN<br>Senior Counsel<br>E-mail: mzuckerm@law.nyc.gov<br>Phone: (212) 442-8248<br>Fax: (212) 788-9776 |
|---|---|---|

July 28, 2008

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/30/08
```

**VIA HAND DELIVERY**
The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: <u>Ahmad Wilson v. City of New York, et al.</u>, 08 Civ. 6182 (RJS)

Your Honor:

      I am a Senior Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter. I write with respect to the above-referenced matter in which plaintiff alleges that his constitutional rights were violated by defendants. Defendant City respectfully requests an extension of time to answer or otherwise respond to this complaint from August 4, 2008 until October 3, 2008. Plaintiff has consented to this request for an extension of time.

      There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Furthermore, it is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. From my discussion with plaintiff's counsel this afternoon, plaintiff has signed authorizations for the release of sealed arrest and criminal prosecution records and they will be forwarded to me so that defendant can access the information, properly assess the case, and respond to this complaint.

      Additionally, upon information and belief, the named individual defendant, Police Officer Brian Egan, has been served with the summons and complaint in this action. This office has not discussed with Police Officer Egan the manner of service and we make no representation herein as to the adequacy of service upon him. A decision concerning this Office's

representation of Officer Egan has not yet been made but the requested extension of time may also give this office an opportunity to determine whether Officer Egan is entitled to representation by this office. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). Given the time involved in determining the representation of a police officer, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, extend the time to answer on behalf of Officer Egan to October 3, 2008 as well. Such would also avoid the filing of several separate answers or other responses to the complaint.

No previous request for an extension has been made by defendant City of New York. Accordingly, we respectfully request that defendant City of New York's time to answer or otherwise respond to the complaint be extended to October 3, 2008.

Thank you for your consideration herein.

Respectfully submitted,

Mark D. Zuckerman
Senior Counsel

cc: David Gottlieb, Esq. (Via Facsimile)(646-619-4361)

*[Handwritten endorsement:] Defendants' request for an extension of time in which to answer or otherwise respond to the complaint is granted. Such answer or response shall be filed by Oct. 3, 2008. No further extensions will be granted absent truly compelling circumstances.*

*SO ORDERED.*
*RICHARD J. SULLIVAN*
*7/29/08  U.S.D.J.*

2